### ASSOCIATED METALS & MINERALS CORP., Libelant,

v.

### THE STEAMSHIP MIHALIS ANGELOS, her engines, boilers, tackle, apparel and furniture, and against Mihalis Angelos, P.M. Angelos, C. Angelos, M. P. Angelos and Angelos Ltd., Respondents.

United States District Court
S. D. New York.

Sept. 30, 1964.

Healy, Baillie & Burke, New York City, for libelant; Sirius C. Cook and Nicholas J. Healy, Jr., New York City, advocates.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for respondents; Renato C. Giallorenzi and William S. Gray, New York City, advocates.

METZNER, District Judge.

Respondent-shipowner moves for a stay of the libel, claiming that there is a valid and enforceable contract between the parties to arbitrate their differences.

A charter party was entered into in Australia between libelant's vendor and the respondent. It contained a clause for arbitration of any dispute before an arbitrator in London. The vendor was an Australian corporation and respondent is a British corporation. The vessel was loaded in Australia and a bill of lading was issued in the name of the vendor. The shipment was to be delivered to Duluth, Minnesota. The vendor sold the bill of lading to the libelant. The bill of lading incorporated the terms and conditions of the charter party, but also provided that it shall be subject to the provisions of the Australian Sea-Carriage of Goods Act.

Libelant resists arbitration on the ground that under such act this arbitration clause is void.

We are thus presented with an interesting situation. The charter party creating the rights and liabilities between the shipowner and the vendor specifically provided for arbitration in case of a dispute. The bill of lading issued to cover the shipment incorporates the provisions of the charter party, but also contains a provision that it shall be subject to the Australian Sea-Carriage of Goods Act. If it is true that this act voids the arbitration clause, there is an inconsistency in the documents creating the relationship between the parties.

The courts have held that the Federal Arbitration Act (9 U.S.C. § 1 et seq.) created a new body of substantive law. Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959). The statute is intended to apply in as wide an area as is within the constitutional reach of Congress and federal law is to prevail as to all matters arising

under the statute. Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra.

■ The shipment in this action was bound for the United States and was unquestionably "a maritime transaction in foreign commerce." 9 U.S.C. § 1. The act provides that "a written provision in any maritime transaction * * * to settle by arbitration a controversy thereafter arising out of such contract or transaction * * * shall be valid, irrevocable, and enforceable * * *." 9 U.S.C. § 2.

■ If the Australian act voids such an arbitration clause, the question is whether this court will enforce the Australian law in the circumstances. I am of the opinion that federal policy regarding the enforceability of contracts to arbitrate is so pervasive that arbitration should be decreed in any case where federal standards are met. H.R.Rep. 96, 68th Cong., 1st Sess. (1924).

■ The Lawrence case, supra, and the cases following it have not clearly delineated the total content of this new body of substantive law. However, even if it is not as extensive as I have suggested, the motion must still be granted. In carrying out the mandate of fashioning a new body of federal law, I would also hold that the voluntary agreement to arbitrate would supersede the other clauses contained in the bill of lading, referable to the Australian Sea-Carriage of Goods Act, if such reference created an inconsistency from which it could be argued that the arbitration clause was invalid. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972 (1957); Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra. This result is mandated by the strong federal policy in favor of arbitration which is embodied in our statute and numerous decisions which have reached the same conclusion in determining if a matter is to be submitted to arbitration. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U. S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

Finally, I should add that after reading the Australian law to which the court has been referred by the libelant I am not persuaded that the Australian law invalidates the contract to arbitrate. The case of Wilson v. Compagnie des Messageries Maritimes, 94 Commw.L.R. 577 (1954), dealt with a situation where the contract was made in France for shipment of merchandise on a French flag boat to a consignee in Australia. The parties agreed to submit any dispute to a French court, and the question before the Australian court having jurisdiction of the action was whether such agreement came within section 6 of the Australian Arbitration Act, providing for a stay of a pending action on the ground of an existing arbitration clause. All the judges agreed that the agreement to refer the dispute to the French court did not contemplate arbitration and did not come within section 6. Therefore section 9 of the Australian Sea-Carriage of Goods Act, rendering null and void agreements ousting Australian courts of jurisdiction, came into play. However, it was pointed out by the court that the object of section 9 is to insure that Australian consignees of goods imported into Australia might enforce the bills of lading in Australian courts. There is sufficient in the various opinions to indicate that an agreement to arbitrate before a lay arbitrator might not be so construed.

It appears that the Australian law is directed toward a situation where an Australian court has jurisdiction of the subject matter and the parties, and it will not allow circumvention of the court's jurisdiction. The opinions seem to indicate that the procedure is to permit the court, in its discretion, to determine whether it will determine the action or allow the parties to go to arbitration. We do not have that situation here, where this court has jurisdiction of the parties and the subject matter, and we

cannot interpret the Australian law to intend to oust this court of jurisdiction.

 Libelant has also raised the question of waiver. There is no merit to this contention. Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra; Almacenes Fernandez S.A. v. Golodetz, 148 F. 2d 625 (2d Cir. 1945); Kulukundis Shipping Co. v. Amtorg Trading Corp., 126 F.2d 978 (2d Cir. 1942).

Motion granted. So ordered.